IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROXANNE LEAVELL, a married woman,<br>Plaintiff,<br>v.<br>TARGET CORPORATION, a foreign profit corporation dba TARGET STORE #0627, and "J. DOEs" 1 – 10;<br>Defendants. | NO.<br>COMPLAINT |

The Plaintiff, for her cause of action against the Defendants, and each of them, alleges as follows:

## I. PARTIES, JURISDICTION & VENUE

1. The Plaintiff, Roxanne Leavell is now, and was at all times material hereto, a married woman and a resident of King County, Washington.

2. Upon information and belief, the Defendant Target Corporation, is now and was at all times material hereto, a foreign profit corporation, dba Target Store #0627, which owns property and/or transacts business in King County, Washington.

3. Upon information and belief Defendants J. Does 1-10 are representatives/employees/agents for Defendant Target Corporation dba Target Store #0627. The true names of J. Does 1-10 are unknown to Plaintiff.



WATTEL&YORK
ATTORNEYS AT LAW
6314 19th Street West, Suite 15
Fircrest, Washington 98466
Office: (253) 471-1075 | Fax: (253) 471-1077

4. Upon information and belief, Defendants J. Does 1-10 are fictionally designated and named as a placeholder for possible real parties in interest in the event Defendant Target Corporation dba Target Store #0627assert a subsidiary, related or other entity and not Defendants are liable for Plaintiff's damages. The true name, identity, and relationship to Defendants will be identified upon discovery of the true names and corporate relationships.

5. All acts and omissions alleged herein occurred in King County, Washington. Venue is proper in King County, Washington.

## II. FACTS

6. On or about September 1, 2021 Plaintiff, Roxanne Leavell was a business invitee at the Target Corporation dba Target Store #0627, located at 301 Strander Blvd, Tukwila, WA 98188. While shopping, Ms. Leavell slipped on liquid on the floor, causing her to land on the hard tiled floor resulting in severe injury.

## III. CLAIM OF NEGLIGENCE TARGET CORPORATION dba TARGET STORE #0627

7. Defendants Target Corporation dba Target Store #0627, and Defendants J. Doe 1-10 owed Plaintiff a duty of care. This included a duty to use reasonable care to maintain the building, common areas and walkways in a safe manner to prevent the creation of a dangerous situation, a duty to use reasonable care to repair or correct any dangerous condition, a duty to warn of dangerous conditions, a duty to inspect for dangerous conditions, and a duty to protect Plaintiff against known dangers.

8. Defendants Target Corporation dba Target Store #0627, and Defendants J. Doe 1-10 breached their duties of care by creating or unreasonably allowing a dangerous condition in the



WATTEL&YORK
ATTORNEYS AT LAW
6314 19th Street West, Suite 15
Fircrest, Washington 98466
Office: (253) 471-1075 | Fax: (253) 471-1077

area of the building, common areas and/or walkways and by failing to warn Plaintiff of the dangerous condition.

9. At the time of the accident Defendants J. Doe 1-10 were acting within the scope of their agency or employment with Target Corporation dba Target Store #0627. Defendants Target Corporation dba Target Store #0627 are vicariously liable for the acts or omissions of Defendants J. Doe 1-10.

## IV. INJURIES

10. The Plaintiff, Roxanne Leavell, was injured as a proximate result of the aforesaid collision. Although the Plaintiff resorted to medical attention and supportive remedies, his/her injuries, pain, and discomfort now prevail and will continue to prevail for an indefinite time into the future. It is impossible at this time to characterize the full nature, extent, severity and duration of said injuries, but they are alleged to be permanent, progressive and disabling in nature. The Plaintiff has incurred and will likely continue to incur medical expenses and other expenses to be proved at the time of trial, all to her general damage, in an amount now unknown.

12. The Plaintiff asserts the physician/patient privilege for 88 days following the filing of this complaint. On the 89th day following the filing of this complaint, the Plaintiff hereby waives the physician/patient privilege. That waiver is conditioned and limited as follows: (1) the Plaintiff does not waive the Plaintiff's constitutional right of privacy; (2) the Plaintiff does not authorize contact with the Plaintiff's health care providers of any kind except by judicial proceeding authorized by the Rules of Civil Procedure; (3) representatives of the Defendants are specifically instructed not to attempt *ex parte* contacts with health care providers of the Plaintiff; and (4) representatives of the Defendants are specifically instructed not to write letters to Plaintiff's health care providers telling them that they may mail copies of records to the defendants. In the



WATTEL&YORK
ATTORNEYS AT LAW
6314 19th Street West, Suite 15
Fircrest, Washington 98466
Office: (253) 471-1075 | Fax: (253) 471-1077

case of Loudon v. Mhyre, 110 Wn.2d 675, 675-676, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of *ex parte* contact with the Plaintiff's physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the plaintiff's treating physicians when the plaintiff has waived the physician/patient privilege. We hold that defense counsel may not engage in *ex parte* contact, but is limited to the formal discovery methods provided by court rule.

*See also* Smith v. Orthopedics International, Ltd., 170 Wn.2d 659, 244 P.3d 939 (December 16, 2010) (reaffirming prohibition against *all ex parte* contact with physician directly *and* through physician's counsel).

WHEREFORE, the Plaintiff, Roxanne Leavell, prays for judgment against the Defendants, Target Corporation dba Target Store #0627, and Defendants J. Doe 1-20, and each of them, jointly and severally, in an amount that will fairly compensate Plaintiff for all damages sustained, costs and reasonable attorneys' fees, pre-judgment and post-judgment interest calculated at the maximum amount allowable by law, and all other relief the Court deems fair and just.

Dated this 8th day of February, 2024.

Wattel & York, LLC

Zach J. Hansen, WSBA #41827
Attorneys for the Plaintiff



WATTEL&YORK
ATTORNEYS AT LAW
6314 19th Street West, Suite 15
Fircrest, Washington 98466
Office: (253) 471-1075 | Fax: (253) 471-1077